UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Robert Lockett,** | ) | **CASE NO. 1:06 CV 1879** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **John E. Potter, Postmaster General,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, Robert Lockett, filed this Complaint against John E. Potter, Postmaster General. The Complaint alleges the following facts. Plaintiff is an African American and an employee of the United States Postal Service[1] (USPS). On August 4, 2005, plaintiff was threatened by a co-worker which caused plaintiff to be disabled and unable to work. Plaintiff

---

[1] Plaintiff is employed as a vending machine mechanic. (Doc. 16 Ex. 1)

1

filed an Occupational Workers' Compensation claim (OWCP).  Defendant discriminated against plaintiff because of prior EEO activity.  Defendant made false statements with respect to plaintiff's OWCP claim and, as a result, the claim was denied on March 5, 2006.

On April 26, 2006, plaintiff filed an EEO Complaint of Discrimination against the USPS alleging disability discrimination and retaliation for prior EEO activity.  On May 5, 2006, the USPS dismissed the EEO Complaint.  (Doc. 12 Exs. 1 and 2)

Plaintiff thereafter filed this Complaint which sets forth three claims.  Count One alleges discrimination and retaliation based on disability and prior EEO activity in violation of Title VII.  Count Two alleges that defendant's false statements regarding the workers' compensation claim constitute fraud.  Count Three alleges intentional infliction of emotional distress.

This matter is now before the Court upon defendant's Motion to Dismiss for lack of subject matter jurisdiction.

**Standard of Review**

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1).  A motion under this rule asserts that the court lacks subject matter jurisdiction.  In *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996), the court stated:

> When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.  In addition, the district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction.

**Discussion**

Plaintiff does not dispute that this Court lacks subject matter jurisdiction over Counts Two (fraud) and Three (intentional infliction of emotional distress).  For the following

2

reasons, this Court lacks subject matter jurisdiction over these claims.

Dismissal of the fraud claim is warranted. The Federal Tort Claims Act (FTCA) "grants a limited waiver of sovereign immunity and allows tort claims against the United States in the same manner and to the same extent as a private individual under like circumstances." *Chomic v. U.S.*, 377 F.3d 607, 609 (6th Cir. 2004) (citing 28 U.S.C. § 2674). Nonetheless, "courts have consistently held that fraud claims against the government are not permitted under the FTCA." *Beneficial Consumer Discount Co. v. Poltonowicz,* 47 F.3d 91, 96 (3rd Cir. 1995).

Likewise, dismissal of the intentional infliction of emotional distress claim is warranted.

The Federal Employees Compensation Act (FECA) establishes a workers' compensation program for federal employees who are injured while performing their duties. "Recovery for injuries covered under FECA is clearly limited and exclusive." *Saltsman v. U.S.*, 104 F.3d 787, 789 (6th Cir. 1997) (citations omitted). The Supreme Court has explained the purpose of this section:

> FECA's exclusive-liability provision .... was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise- the 'quid pro quo' -commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).

Claims for intentional infliction of emotional distress, whether brought pursuant to the FTCA or state law (such as the case herein), are within the coverage of FECA and are,

3

therefore, preempted by FECA. *McDaniel v. United States*, 970 F.2d 194, 196 (6th Cir.1992), *Vargo-Adas v. United States Postal Service,* 992 F.Supp. 939 (N.D. Ohio 1998).

Plaintiff does dispute that his discrimination and retaliation claim (Count One) is subject to dismissal.

Defendant argues that the Court lacks subject matter jurisdiction over plaintiff's Title VII and/or Rehabilitation Act[2] claims because they are barred by the exclusive remedy provision of FECA.

As stated above, FECA provides the exclusive remedy for federal employees' workplace injuries. The Department of Labor's Office of Workers Compensation Programs (OWCP) makes the decisions regarding FECA claims. Furthermore, FECA bars judicial review of the Secretary of Labor's decisions granting or denying FECA claims:

> (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is--
>
> > (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> >
> > (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).

Defendant argues that plaintiff's Complaint alleging that the USPS retaliated and

---

[2] Count One asserts discrimination and retaliation in violation of Title VII. While retaliation claims brought by employees of the USPS are properly asserted under Title VII, disability discrimination claims of USPS employees are properly brought under the Rehabilitation Act, 29 U.S.C. § 791. *See Tolbert v. Potter,* 2006 WL 3039794 (6th Cir. Oct. 26, 2006) and *Adams v. Potter,* 193 Fed. Appx. 440 (6th Cir. 2006). Plaintiff's Complaint does not reference the Rehabilitation Act.

discriminated against him by making false statements which caused the FECA claim to be wrongly denied would require this Court to review the factual and legal basis for the Secretary of Labor's decision.  Although plaintiff's Complaint does not directly challenge the Secretary's decision denying the FECA claim, the Court would have to inquire into whether the Secretary wrongly denied the workers' compensation claim.

Plaintiff contends that he is not alleging that defendant retaliated against him by causing his FECA claim to be denied, but that his retaliation claim is based on his allegation that defendant retaliated against him because of his prior EEO activity by failing to protect him from threats by co-workers and continuing to make false statements regarding his claims made against defendant.  Additionally, plaintiff asserts that his Complaint sufficiently alleges a disability discrimination claim.  For the following reasons, plaintiff's assertion is unpersuasive.

Plaintiff's April 2006 EEO Complaint was based on his contention that the false statements caused the denial of his FECA claim:

> I have been discriminated against because I suffer from a work related disability and management has treated me differently.  On or about August 4, 2005 I became aware that another employee had made threats against me.  This incident adversely affected my health causing me to be unable to work.  This also made it necessary for me to file an OWCP claim.  Management did nothing to protect me.  In fact they proceeded to engage in activity that would further hurt me such as but not limited to: manipulating the situation and treating the victim (me) as the culprit, submitting false statements to the Department of Labor in violation of sections 287, 1001, 1920 and 1922 of title 18 of the U.S. Code.  I became aware of this discrimination on or about March 3, 2006 when the culmination of this covert behavior resulted in my OWCP claim being unjustly denied.  Further the named discriminatory officials have full knowledge of my participation in the EEO process and protected activity.

(Doc. 12 Ex. 1) The EEO Complaint was dismissed for failure to state a claim on the basis that it constituted a collateral attack on another proceeding inasmuch as the EEO Complaint

alleged that the OWCP claim was denied by the Department of Labor due to the negative impact made by the false statements of management and coworkers. (Doc. 12 Ex. 2)

Clearly, plaintiff's claim herein is that defendant retaliated and discriminated against him by making false statements which caused the FECA claim to be denied. To prove this claim, the Court would have to review the Secretary of Labor's decision. This is prohibited by statute, as set forth above. Moreover, courts have held that district courts lack jurisdiction over collateral attacks of a denial of FECA benefits, such as the one asserted herein. *See Nicastro v. Runyon,* 60 F.Supp.2d 181 (S.D.N.Y. 1999) (The court stated that a plaintiff "cannot get around" the rule prohibiting judicial review of administrative decisions denying FECA claims by collaterally attacking a denial of FECA benefits as retaliatory.)

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 2/12/07